IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOOTER ROBINSON                                                          PLAINTIFF

VS.                                            CIVIL ACTION NO. 1:10cv556HSO-JMR

DONNIE SAUCIER, et al.                                                  DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Scooter Robinson's Objection [127] to the Report and Recommendation [119] of Chief Magistrate Judge John M. Roper entered in this cause on November 14, 2011. The Magistrate Judge recommended that the Motion to Dismiss and for Qualified Immunity, or alternatively, for Summary Judgment [49] of Defendants Donnie Saucier, Reggie Smith, and David Allison be granted in part pursuant to FED. R. CIV. P. 56(c), and that Plaintiff's claims against Defendants Allison, Smith, and Saucier with regard to the conditions of his confinement be dismissed with prejudice. Defendants have filed a Response [133] to Plaintiff's Objection.

The Court has thoroughly reviewed the findings in the Report and Recommendation, the record, and the positions advanced in the Motion, Objection, and Response to Objection, and concludes the Magistrate's Report and Recommendation should be adopted as the finding of the Court. Plaintiff's Objection should be overruled and Defendants' Motion should be granted in part.

## I. DISCUSSION

A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations on a referred motion for summary judgment, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  FED. R. CIV. P. 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, discovery and disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.

B.  Analysis

On December 7, 2010, Plaintiff filed this *pro se* 28 U.S.C. § 1983 action against Defendants Donnie Saucier, Reggie Smith, and David Allison, in their individual and official capacities, alleging that his constitutional rights had been violated during his January 17, 2009, arrest, and while being held as a pretrial detainee at the Pearl River County Jail ("PRCJ").  Specifically, he claims excessive force was used during his arrest, and that he was subjected to unconstitutional conditions of confinement while incarcerated at the PRCJ.  By Order [40] dated May 13, 2011, Paul Fernandez, Matthew Carver, and Russell Miller were added as Defendants in this action.

Defendants Saucier, Smith, and Allison filed their Motion to Dismiss and for

Qualified Immunity, or alternatively, for Summary Judgment [49] on June 10, 2011, seeking dismissal on Plaintiff's excessive force and conditions of confinement claims. Plaintiff filed a Response [59], and Defendants a Reply [66]. Defendant Miller filed a Joinder [97] in the Motion [49].

The Magistrate concluded that Plaintiff failed to create a genuine issue which would preclude summary judgment on his official and individual capacity § 1983 claims against Defendants Saucier, Smith, and Allison relating to the conditions of his confinement. Plaintiff's Complaint alleges that he was denied yard call for three months, and that he was denied transfer from a lock down zone where he was subjected to inadequate lighting. The Magistrate determined that Plaintiff's official capacity claims were, in reality, claims against Pearl River County. The Magistrate found that Plaintiff did not present any evidence to support a claim that there existed a policy or custom which was the moving force behind any alleged constitutional violation and, at best, Plaintiff had alleged isolated instances of negligent conduct, which are insufficient to support any official capacity claims.

As for Plaintiff's individual capacity claims, the Magistrate found that Plaintiff had failed to put forth any direct evidence that Plaintiff was denied proper lighting for a punitive purpose, and that Plaintiff had otherwise failed to show that Defendants' stated purpose for placing him in lock down–because he was a flight risk–was arbitrary. The Magistrate further determined that any imposition Plaintiff experienced as a result of his confinement without consistent lighting was *de minimis*. With respect to Plaintiff's claim that he was denied yard call, the

Magistrate found that there was no issue before the Court as to whether Plaintiff had suffered a constitutional wrong, on grounds that Plaintiff did not claim he was deprived outdoor yard call for a punitive purpose, or that the deprivation was unrelated to a legitimate governmental purpose.  The Magistrate recommended dismissal with prejudice of Plaintiff's conditions of confinement claims against Defendants Saucier, Smith, and Allison.  The Magistrate did not address Plaintiff's excessive force claims.

Plaintiff has objected to the Magistrate's findings.  However, Plaintiff merely offers a lengthy recitation of facts surrounding his January 17, 2009, arrest, and he has otherwise failed to produce any evidence creating a genuine dispute of material fact as to any of his claims.[1]  Based on a *de novo* review, the Court finds that the Magistrate Judge's Report and Recommendation is well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards.

After thoroughly reviewing the findings in the Report and Recommendation [119], in addition to the positions advanced in Defendants' Motion to Dismiss and for Qualified Immunity, or alternatively, for Summary Judgment [49] and related pleadings, as well as in Plaintiff's Objection [127], and Defendants' Response [133] to Plaintiff's Objection, the Court finds that Plaintiff's Objection is not well taken or supported by the record, and should be overruled.  The Court further finds that the Magistrate's Report and Recommendation should be adopted as the finding of the

---

[1] Plaintiff references exhibits in support of his Objection [127], but fails to attach them to his pleading.

4

Court.

## II. CONCLUSION

For the reasons stated herein, the Report and Recommendation [119] of Chief Magistrate Judge John M. Roper entered in this cause on November 14, 2011, should be adopted as the finding of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Scooter Robinson's Objection [127] to the Report and Recommendation [119] is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [119] of Chief Magistrate Judge John M. Roper entered on November 14, 2011, is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss and for Qualified Immunity, or alternatively, for Summary Judgment [49] of Defendants Donnie Saucier, Reggie Smith, and David Allison is **GRANTED IN PART**.  Plaintiff's conditions of confinement claims against Defendants Allison, Smith, and Saucier are dismissed with prejudice.  Plaintiff's excessive force claims remain pending.

**SO ORDERED AND ADJUDGED,** this the 20th day of March, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

5