IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOOTER LYNN ROBINSON                                                                           PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 1:10cv556-HSO-JMR

DONNIE SAUCIER; PAUL FERNANDEZ;
MATTHEW CARVER; and RUSSELL MILLER                                                    DEFENDANTS

CONSOLIDATED WITH

SCOOTER LYNN ROBINSON                                                                           PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 1:11cv245-HSO-JMR

JOHN DOE, EMPLOYEES FOR PEARL RIVER
COUNTY ALSO KNOWN AS PRESIDENT OF
THE BOARD OF SUPERVISORS FOR PEARL
RIVER COUNTY AND ITS EMPLOYEES;
JULIE FLOWERS, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; JOE GARCIA,
INDIVIDUALLY AND IN OFFICIAL CAPACITY;
MIKE JOHNSON, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; SHERMAN GASPAR,
INDIVIDUALLY AND IN OFFICIAL CAPACITY;
RETA LUMPKIN, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; ROB WILLIAMS,
INDIVIDUALLY AND IN OFFICIAL CAPACITY;
DONNIE SAUCIER, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; PEARL RIVER COUNTY;
ANTHONY HALES, PRESIDENT OF THE BOARD
OF SUPERVISORS FOR PEARL RIVER COUNTY                                                 DEFENDANTS

REPORT AND RECOMMENDATION

BEFORE THE COURT is Plaintiff's motion for appointment of counsel [180] in the above styled action. There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012); *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). A trial court is not required to appoint

counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *Hulsey v. State of Tex.*, 929 F.2d 168, 173 (5th Cir. 1991); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the district court should consider the following four factors in ruling on a motion for appointment of counsel: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting the case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213. The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to Plaintiff, but also possibly to the Court and Defendants, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Ulmer*, 691 F.2d at 213. Moreover, this Court has been given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211. Having reviewed the record and based on the following reasons, this Court finds that there are no "exceptional circumstances" requiring this Court to grant Plaintiff's motion.

In this case, the issues are not particularly complex and Robinson has proven himself capable of self-representation. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). The case presents the types of issues litigated regularly in this court by *pro se* prisoner plaintiffs. Additionally, this Court finds that Plaintiff has adequately responded to each order entered by this Court. Therefore, the Court recommends that counsel should not be appointed to represent Plaintiff at this juncture of the proceedings. A copy of this R&R was mailed to the Plaintiff at his last known address.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than March 8, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

This the 22nd day of February, 2013.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE
