IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SCOOTER LYNN ROBINSON**                                                      **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO. 1:10-cv-556-HSO-JMR**

**DONNIE SAUCIER, PAUL FERNANDEZ,**
**MATTHEW CARVER, AND RUSSELL MILLER**            **DEFENDANTS**

**CONSOLIDATED WITH**

**SCOOTER LYNN ROBINSON**                                                      **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO. 1:11-cv-245-HSO-JMR**

**JOHN DOE, EMPLOYEES OF PEARL RIVER COUNTY**    **DEFENDANTS**
**ALSO KNOWN AS PRESIDENT OF**
**THE BOARD OF SUPERVISORS FOR PEARL**
**RIVER COUNTY AND ITS EMPLOYEES,**
**JULIE FLOWERS, INDIVIDUALLY AND IN**
**OFFICIAL CAPACITY, JOE GARCIA,**
**INDIVIDUALLY AND IN OFFICIAL CAPACITY,**
**MIKE JOHNSON, INDIVIDUALLY AND IN**
**OFFICIAL CAPACITY, SHERMAN GASPAR,**
**INDIVIDUALLY AND IN OFFICIAL CAPACITY,**
**RETA LUMPKIN, INDIVIDUALLY AND IN**
**OFFICIAL CAPACITY, ROB WILLIAMS,**
**INDIVIDUALLY AND IN OFFICIAL CAPACITY,**
**DONNIE SAUCIER, INDIVIDUALLY AND IN**
**OFFICIAL CAPACITY, PEARL RIVER COUNTY,**
**ANTHONY HALES, PRESIDENT OF THE BOARD**
**OF SUPERVISORS FOR PEARL RIVER COUNTY**

### ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER COMES BEFORE THE COURT upon Plaintiff Scooter Robinson's Objection [182] to the Report and Recommendation [175] of Chief Magistrate Judge John M. Roper entered in this cause on January 28, 2013. Defendants have filed a Response [183] in Opposition to Plaintiff's Objection to the

Report and Recommendation. The Magistrate Judge recommended that the Motion [149] to Dismiss and Lift Stay filed by Defendants David Allison, Julie Flowers, Joe Garcia, Sherman Gaspar, Anthony Hales, Mike Johnson, Russell Miller, Pearl River County, Donnie Saucier, Reggie Smith, and Rob Williams be granted; that the Motion [153] for Summary Judgment on the Basis of Qualified Immunity and *Heck v. Humphrey* filed by Defendant Paul Fernandez be granted; that Plaintiff's Motion [170] for Summary Judgment be denied; and that various discovery Motions [162, 163, 166, 167, 169] filed by Plaintiff be denied.

The Court has thoroughly reviewing the findings in the Report and Recommendation, in addition to the positions advanced in the Motions, Plaintiff's Objection, and the Response to Objection, and concludes that the Magistrate's Report [175] should be adopted as the finding of the Court. The Court further finds that Plaintiff's Objection should be overruled, the Motion [149] to Dismiss and Lift Stay filed by Defendants David Allison, Julie Flowers, Joe Garcia, Sherman Gaspar, Anthony Hales, Mike Johnson, Russell Miller, Pearl River County, Donnie Saucier, Reggie Smith, and Rob Williams should be granted, the Motion [153] for Summary Judgment on the Basis of Qualified Immunity and *Heck v. Humphrey* filed by Defendant Paul Fernandez should be granted, Plaintiff's Motion [170] for Summary Judgment should be denied, and Defendants Donnie Saucier, David Allison, Reggie Smith, Paul Fernandez, Matthew Carver, Russell Miller, Julie Flowers, Rob Williams, Joe Garcia, Mike Johnson, Sherman Gaspar, Anthony Hales, as President of Pearl River County Board of Supervisors, and Pearl River County should be

dismissed with prejudice as Defendants.

## I. BACKGROUND

A.  Factual Background

On January 17, 2009, Plaintiff escaped from the Pearl River County Jail. Law enforcement officers pursued him in what became a multiple vehicle car chase. The vehicular pursuit culminated at a road block where officers fired several shots. Following the gunfire, Plaintiff once again accelerated his vehicle and forcefully drove through the road block. Defendant Paul Fernandez, a Mississippi Highway Patrol Trooper who was pursuing Plaintiff in his patrol car, made contact with Plaintiff's vehicle. The impact caused Plaintiff's vehicle to spin and ultimately come to a stop. As he exited his vehicle, Plaintiff announced that he had been shot. A multi-count Indictment charged Plaintiff with aggravated assault on a police officer and failure to stop a motor vehicle.  Indictment, att. as Ex. "B" to Mot. for Summ. J.

B.  Procedural History

On December 7, 2010, Plaintiff filed this *pro se* civil action pursuant to 42 U.S.C. §1983 action against Donnie Saucier, "Captain Reggie," and David Allison. By Order [40] entered on May 13, 2011, Plaintiff was granted leave to amend his Complaint and the following Defendants were added: Reggie Smith[1], Paul Fernandez, Matthew Carver, and Russell Miller. Plaintiff's Amended Complaint asserts an excessive force claim and other claims related to his conditions of

---

[1]Reggie Smith was substituted for unknown "Captain Reggie."

confinement at the Pearl River County Jail.

On June 21, 2011, Plaintiff filed a second Complaint, instituting cause number 1:11-cv-245 HSO-JMR, which asserted allegations identical to those contained in cause number 1:10cv556 HSO-JMR.  The second Complaint named the following as Defendants: Julie Flowers, Rob Williams, Joe Garcia, Donnie Saucier, Mike Johnson, Sherman Gaspar, Reta Lumpkin, Anthony Hales, as President of Pearl River County Board of Supervisors, all in their individual and official capacities.  By Order [7] entered on October 11, 2011, Plaintiff was permitted to add Pearl River County as a Defendant.[2]

On December 20, 2011, the Court entered an Order staying the case pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), pending disposition of Plaintiff's criminal charges arising from the alleged use of excessive force during Plaintiff's recapture following his escape.   Plaintiff was adjudicated guilty of both of these charges. Judgment, att. as Ex. "C" to Mot. for Summ. J.

Defendants in cause number 1:10cv556 HSO-JMR, David Allison, Reggie Smith, Donnie Saucier, and Russell Miller, together with Defendants in cause number 1:11cv246 HSO-JMR, Julie Flowers, Joe Garcia, Mike Johnson, Sherman Gaspar, Robin Williams, Donnie Saucier, Anthony Hales, as President of the Pearl River County Board of Supervisors, and Pearl River County, filed a Motion to Dismiss and Lift Stay [149] on June 13, 2012. On August 17, 2012, Defendant Paul

---

[2]By Order [38] dated April 10, 2012, cause number 1:11cv245 HSO-JMR was consolidated with this case.

Fernandez filed a Motion for Summary Judgment [153] on the Basis of Qualified Immunity. Plaintiff filed a Motion for Summary Judgment [170] on January 22, 2013. In addition, Plaintiff has filed various discovery Motions [162, 163, 166, 167, 169].

On January 28, 2013, Chief Magistrate Judge John M. Roper issued his Report and Recommendation addressing the foregoing Motions. Report and Recommendation [175]. Plaintiff filed his Objection [182] to the Report and Recommendation on March 8, 2013. In his Objection, Plaintiff asserts that certain of the Magistrate's factual findings were erroneous. Specifically, Plaintiff takes issue with the finding that Defendant Paul Fernandez did not shoot Plaintiff. Plaintiff further contends that it was objectively unreasonable for Fernandez "to fire his gun at my vehicle in a residential area where there was a female passenger in my vehicle." Objection [182] at p. 2.

## II. DISCUSSION

A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In so doing, the Court is not required to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in

nature, *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997).

Where no party has objected to a Magistrate Judge's report and recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the report and recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.   Analysis

   1.   Plaintiff's Excessive Force Claim

With respect to Defendant Fernandez's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment Against Defendant Fernandez, the Magistrate Judge concluded that the doctrine set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's excessive force claims. The Magistrate reasoned that inasmuch as "an essential element of Robinson's claim in this case is that excessive force was used in his arrest, granting relief on his claim would necessarily imply the invalidity of Plaintiff's convictions." Report and Recommendation [175] at p. 5 [citations omitted]. He further reasoned that *Heck* is applicable to bar Plaintiff's excessive force claims because Plaintiff has not demonstrated that his convictions or sentences were reversed, invalidated, or expunged prior to bringing this suit under § 1983. *Id.* at p. 6.

The Fifth Circuit has explained that

> [t]he *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments. [*Heck*, 512 U.S. at 486.] When a plaintiff alleges tort claims against his arresting officers, "the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence*." [*Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000).] If so, the claim is barred unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. [*Id.*]

*DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007).

Thus, in order to determine whether *Heck* precludes Plaintiff's § 1983 claim that Defendants used excessive force, the Court first must determine whether a judgment in Plaintiff's favor on this claim would necessarily imply the invalidity of Plaintiff's assault conviction. *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006). Based on the record, the Court finds the *Heck* doctrine is applicable to Plaintiff's excessive force claim to the extent success against any Defendant would "necessarily imply" the invalidity of Plaintiff's assault conviction.

Alternatively, to the extent the *Heck* doctrine would not bar Plaintiff's claim, Defendant Fernandez would nevertheless be entitled to qualified immunity in this case as it cannot be said that, given Plaintiff's status as an escaped prisoner and his subsequent actions, and under the totality of the circumstances, the use of force by Defendant Hernandez and the other Defendants was objectively unreasonable under the circumstances. Finally, Plaintiff's excessive force claims against Pearl

River County stem from his excessive force claims against the other Defendants. Because Plaintiff cannot show the violation of any constitutional right, summary judgment is likewise appropriate in the County's favor.

The Court has conducted an independent, *de novo* examination of the record in this case in connection with the Report and Recommendation [175]. The record lacks sufficient evidence indicating that any of the individual Defendants utilized excessive force in apprehending Plaintiff, who was a fleeing escapee. The Court finds that Plaintiff's Objection [182] challenging the findings are not well taken or supported by the record, and should be overruled. The Report and Recommendation [175] is well reasoned, correctly finds the applicable facts, and applies the governing legal standards. The Court concludes that it should be adopted as the opinion of the Court as to Plaintiff's excessive force claims. Defendants' Motion [149] to Dismiss and Motion [153] for Summary Judgment should be granted.

    2.    <u>Plaintiff's Conditions of Confinement Claims</u>

Plaintiff's Objection focuses on his excessive force claim. He raises no argument or objection to the Magistrate Judge's findings on his conditions of confinement claims. Plaintiff only states that he "has stated claims of unconstitutional conditions of confinement and deliberate indifference to his rights and needs . . .." Pl.'s Obj. [182] at p 1. Having conducted the required review, the Court finds that the Magistrate Judge's Report and Recommendation thoroughly considered all issues related to Plaintiff's conditions of confinement claims, and is neither clearly erroneous, nor contrary to law. The Court, being fully advised in the

premises, finds that the Magistrate Judge properly recommended that Defendants' Motion to Dismiss [149] should be granted in this respect. The Report and Recommendation should be adopted as the opinion of this Court on Plaintiff's condition of confinement claims.

### III. CONCLUSION

After careful consideration of the record, relevant law, and for the reasons stated herein, the Court is of the opinion that Plaintiff's Objection [182] should be overruled, and the Report and Recommendation [175] of Chief Magistrate Judge John M. Roper should be adopted as the finding of this Court, along with the additional findings made herein. Defendants' Motion [149] to Dismiss and Lift Stay and Defendant Fernandez's Motion [153] for Summary Judgment should be granted; Plaintiff's Motion [170] for Summary Judgment should be denied; and Plaintiff's discovery Motions [162, 163, 166, 167, 169] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [182] filed in this cause is **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [175] of Chief Magistrate Judge John M. Roper entered on January 28, 2013, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [149] to Dismiss filed by David Allison, Julie Flowers, Joe Garcia, Sherman Gaspar, Anthony Hales, Mike Johnson, Russell Miller, Pearl River County, Donnie Saucier, Reggie Smith, and Rob Williams is **GRANTED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [153] for Summary Judgment filed by Paul Fernandez is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [170] for Summary Judgment filed by Scooter Robinson is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Motions to Direct the Clerk to Mail all Electronically filed Documents [162, 163, 166] are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Motion for a Copy of Electronically filed Documents [167] is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiffs' Motion for a Copy of Mississippi Department of Corrections Medical Records [169] is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Donnie Saucier, David Allison, Reggie Smith, Paul Fernandez, Matthew Carver, Russell Miller, Julie Flowers, Rob Williams, Joe Garcia, Mike Johnson, Sherman Gaspar, Anthony Hales, as President of Pearl River County Board of Supervisors, and Pearl River County, are hereby **DISMISSED WITH PREJUDICE AS DEFENDANTS.**

**SO ORDERED AND ADJUDGED**, this the 28th day of March, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE