IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOOTER LYNN ROBINSON                                                                     PLAINTIFF

VS.                                                            CIVIL ACTION NO. 1:10cv556-HSO-JMR

DONNIE SAUCIER; PAUL FERNANDEZ;
MATTHEW CARVER; and RUSSELL MILLER                                                      DEFENDANTS

CONSOLIDATED WITH

SCOOTER LYNN ROBINSON                                                                     PLAINTIFF

VS.                                                            CIVIL ACTION NO. 1:11cv245-HSO-JMR

JOHN DOE, EMPLOYEES FOR PEARL RIVER
COUNTY ALSO KNOWN AS PRESIDENT OF
THE BOARD OF SUPERVISORS FOR PEARL
RIVER COUNTY AND ITS EMPLOYEES;
JULIE FLOWERS, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; JOE GARCIA,
INDIVIDUALLY AND IN OFFICIAL CAPACITY;
MIKE JOHNSON, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; SHERMAN GASPAR,
INDIVIDUALLY AND IN OFFICIAL CAPACITY;
RETA LUMPKIN, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; ROB WILLIAMS,
INDIVIDUALLY AND IN OFFICIAL CAPACITY;
DONNIE SAUCIER, INDIVIDUALLY AND IN
OFFICIAL CAPACITY; PEARL RIVER COUNTY;
ANTHONY HALES, PRESIDENT OF THE BOARD
OF SUPERVISORS FOR PEARL RIVER COUNTY                                                   DEFENDANTS

REPORT AND RECOMMENDATION

This cause comes before the Court on motion of the defendant, Reta Lumpkin, [Lumpkin] to

dismiss [171], or in the alternative, for summary judgment.

Robinson was incarcerated at the Pearl River County jail on January 21, 2009[1]. [6, pp. 14-

---

[1]The two complaints, filed in 1:10cv556 and in 1:11cv245, were consolidated on April 10, 2012, by the Court. [38.] The references to court records were docketed in 1:11cv245 prior to the

15.] Lumpkin was a nurse practitioner at the Pearl River County jail during that time. [1, p. 13.] Robinson was treated for a knee injury related to a motor vehicle accident during the relevant time frame. [171-1, p. 3.] The plaintiff claims his medication ran out on February 1, 2009, and that in spite of his requests to see "doctor" Lumpkin, she would not see him, so that he was without medication for 18 days. [1, p. 14.] Robinson asserts that he was only given pain medication for periods of five days, and when that medication ran out, he was unable to procure more medication. (*Id*.) On April 6, 2009, Lumpkin ordered an x-ray of Robinson's knee. (*Id*.) Lumpkin gave Robinson pain medication on May 1, 2009, then did not see him again because a different doctor began treating Robinson. (*Id*.; 1-1, p. 10.) According to the amended complaint, Robinson claims that Lumpkin was deliberately indifferent to his medical needs for events which happened between January 21, 2009, to May 1, 2009. [6, pp. 14-18.] Robinson contends that Lumpkin did not provide necessary medication which he requested during that time period and did not evaluate his medical needs. [6, pp. 15-18.]

 According to Lumpkin, the medical records establish that she did evaluate Robinson's medical needs and provided medication to him. [172-1.] Robinson has failed to meet the standard of proof for a claim of deliberate indifference by Lumpkin, according to the defendant. [172, p. 2.] Lumpkin contends that Robinson failed to demonstrate that he had a "serious" medical condition which posed an excessive risk to his health or safety that Lumpkin was aware of and chose to ignore. [172, p. 5.] Lumpkin provided prescriptions and medical treatment for Robinson's medical condition, and Lumpkin argues that, at best, Robinson could only show that the treatments were unsuccessful. [1-3; 172, p. 2.] Robinson cannot show that Lumpkin acted

---

consolidation.

with "deliberate indifference" and the claims against her based on deliberate indifference should be dismissed, according to the defendant. [172, p. 6.]

Any state law claim for medical malpractice should also be dismissed, according to Lumpkin, because the statute of limitations on that claim has run, Robinson has no medical expert to support his malpractice claim and Robinson failed to provide pre-suit notification of the claim as outlined in Mississippi Code Annotated § 15-1-36(15). [172, pp. 6-7.]

Robinson has failed to file a response to the motion to dismiss.

## Discussion

Under 42 U.S.C. § 1983, liability may be imposed upon any person who, acting under the color of state law, deprives another of federally protected rights. It neither provides a general remedy for the alleged tort of state officials, nor opens the federal courthouse doors to relieve complaints of all who suffer injury at the hands of the state or its officers. Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978).

I. Deliberate Indifference

As a pretrial detainee[2], Robinson had a clearly established Fourteenth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs. *Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996) (*en banc*). There is no significant distinction between

---

[2]Robinson entered a guilty plea on July 13, 2009, of a charge of possession of precursor chemicals; possession of a controlled substance with intent to deliver and felony fleeing. [1-4, pp. 4-7.]

3

pretrial detainees and convicted inmates when the denial of medical care is at issue. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001), *cert. denied* 534 U.S. 1136 (2002). To prove deliberate indifference to serious medical needs, and thus a constitutional violation, a prisoner must show that the state official knew of and disregarded an excessive risk to inmate health or safety. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999), *cert. denied* 528 U.S. 906.

Deliberate indifference is more than mere negligence in medical treatment. *See Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008). The law is clear that unsuccessful medical treatment, mere negligence, neglect, nor medical malpractice gives rise to a Section 1983 cause of action. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, disagreement with medical treatment alone is insufficient to support a claim under section 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, "the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs.'" *Domino v. Tex. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *See Mendoza v. Lynaugh,* 989 F.2d 191, 193-5 (5th Cir. 1993).

Robinson has presented no facts indicating Lumpkin knew of, and disregarded, an excessive risk to his health or safety, or that she was deliberately indifferent to his serious medical needs, and unnecessarily and wantonly inflicted harm on him. *See Stewart,* 174 F.3d at 534; *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident. A finding of deliberate

4

indifference "must rest on the facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson,* 759 F.2d at 1238. In this case, Robinson cannot demonstrate wanton actions on Lumpkin's part. She provided pain medication, ordered x-rays of the knee, and documented daily wound care until healed. [1-3, pp. 1-6; 22-40.] Several incidents of Robinson's refusal to accept prescribed medication were in Robinson's medical records. [1-3, pp. 8-20.] The fact that Robinson may disagree with the treatment he received does not equate to a violation of his constitutional rights. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Prison officials are not liable for denial of medical treatment unless they know of and disregard an excessive risk to inmate health or safety. *Harris v. Hegmann,* 198 F.3d 153, 159 (5th Cir. 1999).

Based on the foregoing, the Court concludes that Robinson received constitutionally adequate medical care for his wounds. He was examined by Lumpkin and the nurse and therefore provided medical attention as ordered by the treating physician. He received medications for the pain and swelling. The injury eventually adequately healed. The Court, therefore, recommends that Lumpkin's motion for summary judgment on Robinson's claims under § 1983 should be granted.

II.  State Law Claims

Any state law claims against Lumpkin brought in either her individual or official capacities are barred by provisions of Mississippi law. Any claim Robinson asserts for medical malpractice against Lumpkin is barred by the running of the two-year statute of limitations for medical malpractice cases under Mississippi Code Annotated section 15–1–36 (2012). In addition, Mississippi Code Section 15–1–36(15) provides that " *[n]o action* based upon the health care provider's professional negligence *may be begun unless* the defendant has been given at least

5

sixty (60) days' prior written notice of the intention to begin the action." There is no evidence in this case that Robinson complied with this requirement prior to bringing suit against Lumpkin. In addition, Lumpkin contends that Robinson does not have a medical expert to meet his burden of proof that Lumpkin failed to use the requisite skill and care in her treatment of him. [172, pp. 6-9.] There is no evidence that Robinson has complied with any of the requirements to establish a medical negligence claim. *See Palmer v. Anderson Infirmary Benev. Ass'n,* 656 So.2d 790, 795 (Miss. 1995). The Court, therefore, finds that any claims Robinson raises under Mississippi state law against this defendant during the relevant time period are barred by provisions of the Mississippi Tort Claims Act.

## **CONCLUSION**

The Court recommends that Robinson fails to meet his burden of establishing a claim against Reta Lumpkin, and the Court recommends that the motion for summary judgment on any claims against this defendant brought both in her individual and official capacities under Section 1983 should be granted. The Court further recommends that any state law claims advanced by Robinson against Lumpkin in connection with the facts of these cases should be dismissed.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than May 9, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an

6

aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

    This the 25th day of April, 2013.

                                              s/John M. Roper
                                   CHIEF UNITED STATES MAGISTRATE JUDGE