IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SCOOTER LYNN ROBINSON                                         PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:10-cv-556-HSO-JMR

DONNIE SAUCIER, PAUL FERNANDEZ,
MATTHEW CARVER, AND RUSSELL MILLER                    DEFENDANTS

CONSOLIDATED WITH

SCOOTER LYNN ROBINSON                                         PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:11-cv-245-HSO-JMR

JOHN DOE, EMPLOYEES OF PEARL RIVER COUNTY             DEFENDANTS
ALSO KNOWN AS PRESIDENT OF
THE BOARD OF SUPERVISORS FOR PEARL
RIVER COUNTY AND ITS EMPLOYEES,
JULIE FLOWERS, INDIVIDUALLY AND IN
OFFICIAL CAPACITY, JOE GARCIA,
INDIVIDUALLY AND IN OFFICIAL CAPACITY,
MIKE JOHNSON, INDIVIDUALLY AND IN
OFFICIAL CAPACITY, SHERMAN GASPAR,
INDIVIDUALLY AND IN OFFICIAL CAPACITY,
RETA LUMPKIN, INDIVIDUALLY AND IN
OFFICIAL CAPACITY, ROB WILLIAMS,
INDIVIDUALLY AND IN OFFICIAL CAPACITY,
DONNIE SAUCIER, INDIVIDUALLY AND IN
OFFICIAL CAPACITY, PEARL RIVER COUNTY,
ANTHONY HALES, PRESIDENT OF THE BOARD
OF SUPERVISORS FOR PEARL RIVER COUNTY

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

THIS MATTER COMES BEFORE THE COURT upon Plaintiff Scooter Robinson's Objections [190,193] to the Report and Recommendation [187] of Chief Magistrate Judge John M. Roper entered in this cause on April 25, 2013. The

Magistrate Judge recommended that the Motion [171] to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendant Reta Lumpkin be granted.

The Court has thoroughly reviewed the findings in the Report and Recommendation [187], in addition to the positions advanced in Defendant Lumpkin's Motion [171], Plaintiff's Objection [190], and Plaintiff's Memorandum of Law in Support of Objection [193], and concludes that the Magistrate's Report [187] should be adopted as the finding of the Court. The Court further finds that Plaintiff's Objections [190, 193] should be overruled, and that the Motion [171] to Dismiss or, in the Alternative, Motion for Summary Judgment filed by Defendant Reta Lumpkin should be granted.

## I.  FACTS AND PROCEDURAL HISTORY

On March 28, 2013, this Court entered an Order [185] Adopting Report and Recommendation which set forth the relevant facts and procedural history in this case which the Court adopts and incorporates by reference herein. For this reason, the Court will focus only on the facts and procedural history pertinent to resolution of the pending Report and Recommendation.

According to Plaintiff's Complaint [1], he suffered a gunshot wound to his left thigh. Plaintiff claims that after a five day period, his pain medication ran out and he was denied additional pain medication and further appointments with Lumpkin. Reta Lumpkin was named a Defendant in Plaintiff's Complaint, in civil action number 1:11-cv-245 HSO-JMR, which asserted allegations identical to those

contained in civil action number 1:10cv556 HSO-JMR.  Lumpkin filed a Motion [171] to Dismiss, or in the alternative for Summary Judgment on January 23, 2013.  On April 25, 2013, Chief Magistrate Judge John M. Roper issued his Report and Recommendation addressing the foregoing Motion.  Report and Recommendation [187].  The Magistrate Judge recommended that Defendant Lumpkin's Motion [171] to Dismiss or, in the Alternative, Motion for Summary Judgment be granted and Plaintiff's Complaint dismissed.  Plaintiff filed his Objection [190] to the Report and Recommendation on June 3, 2013.  In addition, on June 5, 2013, Plaintiff filed a "Memorandum of Law in Support of Objection" [193].

## II.  DISCUSSION

A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In so doing, the Court is not required to reiterate the findings and conclusions of the magistrate judge, *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections that are frivolous, conclusive, or general in nature, *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997).

B.  Analysis

Plaintiff's Denial of Medical Care Claim

With respect to Defendant Lumpkin's Motion, the Magistrate Judge

concluded that:

> Robinson has presented no facts indicating Lumpkin knew of, and disregarded, an excessive risk to his health or safety, or that she was deliberately indifferent to his serious medical needs, and unnecessarily and wantonly inflicted harm on him. . . . Several incidents of Robinson's refusal to accept prescribed medication were in Robinson's medical records. . . . The fact that Robinson may disagree with the treatment he received does not equate to a violation of his constitutional rights. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).

Report and Recommendation [187], at pp. 4-5.

In his Objections, Plaintiff takes issue with the finding that Lumpkin provided adequate medical care. Plaintiff asserts that "Reta Lumpkin has been deliberate [sic] indifferent . . . for refusing to provide me with a proper management of recovery and physical therapy program," and "Reta Lumpkin showed deliberate indifference to me by not providing me with a proper pain management recovery program . . . which has caused me pain and distress because I was at times without pain medication." Mem. of Law in Supp. of Objection [193] at p. 2. Plaintiff asserts that Lumpkin "deliberately disregarded his medical need for pain medication and that he had a right to not be in pain." *Id*.

"Merely negligent diagnosis or treatment of a medical condition does not state a claim under the Eighth Amendment. . . . Rather, there must be 'deliberate indifference, which results in substantial harm.' *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993)." *Hernandez v. Velasquez*, 522 F. 3d 556, 561 (5th Cir. 2008). The Court has conducted an independent, *de novo* examination of the record in this case in connection with the Report and Recommendation [187]. The evidence of

-4-

record demonstrates that Plaintiff was examined, assessed, and treated by Lumpkin. The record lacks sufficient evidence indicating that Lumpkin was deliberately indifferent in attending to Plaintiff's medical needs and or rendering medical care. The Court finds that Plaintiff's Objections [190, 193] challenging the findings are not well taken or supported by the record, and should be overruled. The Report and Recommendation [187] correctly finds the applicable facts and applies the governing legal standards. The Court concludes that the Report and Recommendation should be adopted as the opinion of the Court as to Plaintiff's claim against Lumpkin. Defendant's Motion [171] to Dismiss, or in the Alternative, for Summary Judgment should be granted.

## III.  CONCLUSION

After careful consideration of the record, relevant law, and for the reasons stated herein, the Court is of the opinion that Plaintiff's Objections [190, 193] should be overruled, and the Report and Recommendation [187] of Chief Magistrate Judge John M. Roper should be adopted as the finding of this Court, along with the additional findings made herein. Defendant's Motion [171] to Dismiss, or in the Alternative, for Summary Judgment should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objections [190, 193] are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [187] of Chief Magistrate Judge John M. Roper entered on April 25, 2013, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [171] to Dismiss, or in the Alternative, for Summary Judgment filed by Reta Lumpkin is **GRANTED**, and Plaintiff's claims against Reta Lumpkin are dismissed with prejudice.

**SO ORDERED AND ADJUDGED**, this the 11th day of June, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE