IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SCOOTER LYNN ROBINSON** § | | **PLAINTIFF** |
| § | | |
| v. § | **CIVIL NO.: 1:10cv556-HSO-JMR** | |
| § | | |
| **DONNIE SAUCIER, PAUL** § | | **DEFENDANTS** |
| **FERNANDEZ, MATTHEW CARVER,** § | | |
| **RUSSELL MILLER, and DAVID** § | | |
| **ALLISON** § | | |

**CONSOLIDATED WITH**

| | | |
|---|---|---|
| **SCOOTER LYNN ROBINSON** § | | **PLAINTIFF** |
| § | | |
| v. § | **Civil No.: 1:11cv245-HSO-JMR** | |
| § | | |
| **JOHN DOE, EMPLOYEES OF** § | | **DEFENDANTS** |
| **PEARL RIVER COUNTY ALSO** § | | |
| **KNOWN AS PRESIDENT OF THE** § | | |
| **BOARD OF SUPERVISORS FOR** § | | |
| **PEARL RIVER COUNTY AND ITS** § | | |
| **EMPLOYEES, JULIE FLOWERS,** § | | |
| **INDIVIDUALLY AND IN HER** § | | |
| **OFFICIAL CAPACITY, JOE GARCIA,** § | | |
| **INDIVIDUALLY AND IN HIS** § | | |
| **OFFICIAL CAPACITY, MIKE** § | | |
| **JOHNSON, INDIVIDUALLY AND IN** § | | |
| **HIS OFFICIAL CAPACITY,** § | | |
| **SHERMAN GASPAR,** § | | |
| **INDIVIDUALLY AND IN HIS** § | | |
| **OFFICIAL CAPACITY, RETA** § | | |
| **LUMPKIN, INDIVIDUALLY AND IN** § | | |
| **HER OFFICIAL CAPACITY, ROB** § | | |
| **WILLIAMS, INDIVIDUALLY AND IN** § | | |
| **HIS OFFICIAL CAPACITY, DONNIE** § | | |
| **SAUCIER, INDIVIDUALLY AND IN** § | | |
| **HIS OFFICIAL CAPACITY, PEARL** § | | |
| **RIVER COUNTY, ANTHONY HALES,** § | | |
| **PRESIDENT OF THE BOARD OF** § | | |
| **SUPERVISORS FOR PEARL RIVER** § | | |
| **COUNTY** § | | |

1

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT
OR IN THE ALTERNATIVE, MOTION TO RECONSIDER**

BEFORE THE COURT is Plaintiff Scooter Lynn Robinson's Motion for Relief From Judgment or in the alternative, Motion to Reconsider [196]. Plaintiff seeks relief from the Court's June 11, 2013, Final Judgment [195] dismissing Plaintiff's claims in these consolidated actions with prejudice. Defendants have filed a Response in Opposition [198]. Having considered the issues presented, the record, and relevant legal authorities, the Court is of the opinion that the Motion should be denied.

I. BACKGROUND

On May 14, 2010, the State of Mississippi indicted Plaintiff on charges of aggravated assault on a police officer and failure to stop a motor vehicle stemming from Plaintiff's escape from the Pearl River County Jail and subsequent recapture. Order Overruling Pl.'s Objection and Adopting Magistrate's Report and Recommendation 3 [186]; *see also Robinson v. State*, No. 2012-KA-965-COA, 2014 WL 1362635, at *1 (Miss. Ct. App. Apr. 8, 2014). At the conclusion of a jury trial held June 5-6, 2012, Plaintiff was convicted on both counts and sentenced to two concurrent life terms of imprisonment. *Robinson*, 2014 WL 1362635, at *1. Plaintiff appealed his convictions to the Mississippi Court of Appeals. On April 8, 2014, Plaintiff's convictions were affirmed in their entirety. *Id.* at *7.

While the State of Mississippi's criminal charges were pending against him, Plaintiff brought various claims against Defendants in the consolidated civil actions

2

before the Court. On December 7, 2010, Plaintiff filed suit (Civil No. 1:10cv556-HSO-JMR) against Defendants Deputy Donnie Saucier, Captain Reggie Smith, Sheriff David Allison, Trooper Paul Fernandez, Detective Matthew Carver, and Sergeant Russell Miller and sought $2,000,000 in damages stemming from physical and mental injuries he allegedly suffered during his attempt to avoid recapture and his subsequent confinement. Compl. 2-6; Order 5 [40]. On June 10, 2011, Defendants Allison, Saucier, and Smith filed a Motion for Summary Judgment or in the alternative, Motion to Dismiss [49], asserting qualified immunity, and also moved to stay all discovery unrelated to the qualified immunity issue [52] until that issue was resolved. The Court granted the Motion to Stay on June 27, 2011 [56].[1]

Plaintiff filed a second lawsuit (Civil No. 1:11cv245-HSO-JMR) on June 21, 2011, against Defendants Julie Flowers, Joe Garcia, Sherman Gaspar, Mike Johnson, Reta Lumpkin, Anthony Hales, as President of the Board of Supervisors for Pearl River County, Donnie Saucier, and Rob Williams, asserting various claims stemming from Plaintiff's conviction and incarceration prior to his escape. Compl. 1-9 [1]. Both lawsuits were consolidated by Order [147] dated April 10, 2012.

On June 13, 2012, the Pearl River County Defendants[2] moved to dismiss [149] the excessive force claim asserted by Plaintiff. On August 17, 2012, Trooper Fernandez moved for summary judgment [153] on the basis of qualified immunity

---

[1] The Motion for Summary Judgment or in the alternative, Motion to Dismiss was granted in part [144] on March 29, 2013, only to the extent that Plaintiff's claims related to the conditions of his confinement were dismissed.

[2] The "Pearl River County Defendants" are David Allison, Reggie Smith, Donnie Saucier, and Russell Miller in their individual and official capacities (Civil No. 1:10cv556-HSO-JMR), and Julie Flowers, Joe Garcia, Mike Johnson, Sherman Gaspar, Robin Williams, and Donnie Saucier, in their individual and official capacities, along with Anthony Hales, as President of the Pearl River County Board of Supervisors, and Pearl River County (Civil No. 1:11cv245-HSO-JMR).

3

and *Heck v. Humphrey*, 512 U.S. 477, 489-99 (1994). Magistrate Judge John Roper issued a Report and Recommendation [175] on January 28, 2013, recommending that the Pearl River County Defendants and Trooper Fernandez's dispositive motions be granted. The Court adopted the Report and Recommendation by Order [186] dated March 28, 2013, and those Defendants were dismissed. On June 11, 2013, the Court issued a Final Judgment [195] dismissing the consolidated civil actions with prejudice. Some nine months later, on March 17, 2014, Plaintiff filed the present Motion for Relief From Judgment or in the alternative, Motion to Reconsider [196]. The Pearl River County Defendants responded in opposition [198] on May 8, 2014.

## II. DISCUSSION

Plaintiff raises four issues in his Motion, which is brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[3] Plaintiff first contends that the Court erred in denying without prejudice his Motion to Compel discovery [45] and subsequently granting in part Defendants Allison, Smith, and Saucier's Motion for Summary Judgment or in the alternative, Motion to Dismiss [49]. Mot. for Relief from J. or in the alternative, Mot. to Reconsider 9-10 [196]. Plaintiff next argues that the Court erred in denying Plaintiff's Motion to Compel discovery responses [96] and Motion to Establish Facts [102] without prejudice and subsequently granting the Pearl River County Defendants' Motion to Dismiss. *Id.* at 10-11.

---

[3] A review of Rule 60(b) in connection with the arguments Plaintiff makes in his Motion indicates that the only potential grounds available to Plaintiff are (b)(1) and (b)(6). Plaintiff neither claims nor suggests relief from judgment is necessitated by the existence of newly discovered evidence (Rule 60(b)(2)), the existence of fraud (Rule 60(b)(3)), or that the Final Judgment [195] is void (Rule 60(b)(4)) or otherwise no longer valid (Rule 60(b)(5)).

Plaintiff also contends that the Court erred in relying upon Defendant Smith's affidavit [49-2] when it granted summary judgment on Plaintiff's conditions of confinement claim. *Id.* at 11-12. Plaintiff further maintains that the Court should not have decided Trooper Fernandez's Motion for Summary Judgment prior to the conclusion of Plaintiff's appeal of his state court convictions. *Id.* at 12-13.

Turning first to the discovery issues raised by Plaintiff, he has not established that he is entitled to relief from the Final Judgment on the basis that the Court denied his requests to compel discovery unrelated to qualified immunity. "[E]ngaging in discovery on the merits is not necessary, nor is it proper, prior to a ruling on [a] qualified immunity motion." *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 648 (N.D. Miss. 2013). Plaintiff filed a Motion to Compel discovery responses from Defendants Saucier, Allison, and Smith on May 27, 2011. On June 10, 2011, however, those Defendants sought dismissal or, alternatively, summary judgment on grounds that they were entitled to qualified immunity as to all of Plaintiff's claims. Mem. Br. in Support of Mot. to Dismiss Pl.'s Compl. and for Qualified Immunity or alternatively, for Summ. J. 5-19 [50]. That same day, Defendants Saucier, Allison, and Smith requested that the Court stay discovery unrelated to the qualified immunity issue pending its resolution. Mot. to Stay Case Based on Qualified Immunity 1 [52].

By Order dated June 27, 2011, the Court stayed merits-based discovery pending resolution of the qualified immunity issue and specifically stated that "all discovery not related to the qualified immunity issue pending before this Court

shall be stayed until the Court rules on the qualified immunity defense portion . . . ." Order 3 [56]. The Court was required to stay the case once the qualified immunity issue was raised. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); Loc. Uniform R. of Civ. P. 16(b)(3)(B) (stating that a motion asserting "an immunity defense . . . stays . . . all discovery not related to the [qualified immunity] issue pending the [C]ourt's ruling . . . ."). To the extent that Plaintiff's Motion is premised on his inability to conduct discovery unrelated to the qualified immunity issue, Plaintiff's Motion lacks merit.

Plaintiff also argues that the Court's consideration of Defendant Smith's affidavit constituted error. This argument is equally meritless. "Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (citation omitted). Plaintiff claims that Defendant Smith's statement that Plaintiff was never held in a jail cell that was dark or without proper lighting can be "discredited" by other evidence in the record thus rendering inappropriate summary judgment in favor of Defendants Allison, Smith, and Saucier on his conditions of confinement claim. Mot. for Relief from J. or in the alternative, Mot. to Reconsider 11-12 [196]. Plaintiff had the opportunity to make this argument when he filed his Objection [127] to the Magistrate Judge's Report and Recommendation [119], but he offers no explanation for his failure to do so. The Court is of the opinion that Rule 60(b)(1) does not afford Plaintiff the relief he

seeks through this belated argument. *Pryor*, 769 F.2d at 269 ("While Rule 60(b)(1) allows relief for "mistake, inadvertence . . . or excusable neglect," these terms are not wholly open-ended[,]" and gross carelessness, ignorance of rules, or ignorance of the law are all insufficient.). Any reliance by Plaintiff on Rule 60(b)(6) is similarly unavailing. *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986) (Rule 60(b)(6) "is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.").[4]

Plaintiff's argument that the Court should not have decided Defendant Fernandez's Motion until the Mississippi Court of Appeals issued its decision on Plaintiff's appeal of his criminal convictions also must fail.

> The *Heck*[, 512 U.S. at 486,] [C]ourt held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments. When a plaintiff alleges tort claims against his arresting officers, "the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." If so, the claim is barred unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

*DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (footnotes and citations omitted). In determining that Defendant Fernandez was entitled to summary judgment on Plaintiff's claims, the Court concluded that a finding in

---

[4] Even if the Court were to consider Plaintiff's argument concerning Defendant Smith's affidavit, the argument is wholly unpersuasive. The Court concluded that Defendant Smith was entitled to summary judgment because Plaintiff failed to allege or offer evidence that he was placed in a dark or inadequately lit cell for arbitrary reasons or for punitive purposes. Report and Recommendation 9-10 [119]. Plaintiff fails to explain how discrediting Defendant Smith's statement bears any legal relevance to, or has any consequence upon, this conclusion.

7

Plaintiff's favor on his excessive force claim would "necessarily imply" that his prior assault conviction was invalid.  Order Overruling Pl.'s Objection and Adopting Magistrate's Report and Recommendation 7 [186].  Plaintiff's contention that the Court should not have reached this conclusion until his appeal of the assault conviction was decided by the Mississippi Court of Appeals is rendered moot by the Mississippi Court of Appeals' April 8, 2014, opinion affirming Plaintiff's assault conviction.  Therefore, Plaintiff's Motion should be denied to the extent Plaintiff asserts that his appeal of the assault conviction precluded the Court from making a determination on Trooper Fernandez's Motion for Summary Judgment.

### III. CONCLUSION

Plaintiff's belated Motion for Relief from Judgment or in the alternative, Motion to Reconsider [196] is wholly without merit.  **This case is closed. Plaintiff is warned that future frivolous filings in this closed case will invite sanctions. Such sanctions may include monetary fines as well as a bar from any future filings in this or any other case.**

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Scooter Lynn Robinson's Motion for Relief from Judgment or in the alternative, Motion to Reconsider [196] is **DENIED**.  **Plaintiff is warned that any future frivolous filings in this closed case will invite sanctions**.

**SO ORDERED AND ADJUDGED**, this the 15th day of May, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE